RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/12/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IVORY WILRIGHT | CIVIL ACTION NO. 1:11CV1847 |
| VERSUS | JUDGE DRELL |
| WARDEN JEFF WINDHALL, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Ivory Wilright filed the captioned matter pursuant to 42 U.S.C. §1983, *pro se* and *in forma pauperis*. Plaintiff is an inmate incarcerated at the Lasalle Correctional Center in Olla, Louisiana. He complains that he was falsely accused and convicted of a disciplinary violation. He seeks only injunctive relief in the form of an investigation and a transfer to a new prison.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that the defendants wrongfully accused him of a disciplinary violation and sprayed chemical agent in his face. The disciplinary report attached to the complaint states that the defendants saw Plaintiff assault another inmate with a chlorine-based cleaning solution. It states that Plaintiff became aggressive, so a burst of Fox chemical agent was sprayed in his face. The report states that Plaintiff admitted the allegations.

### *Law and Analysis*

Plaintiff seeks injunctive relief in the form of an

investigation of the defendants and a transfer of Plaintiff to another prison. Plaintiff has no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). Likewise, "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." Whitley v. Albers, 475 U.S. 312, 321-322 (1986)(citing Bell v. Wolfish, 441 U.S. 520 (1979)). Plaintiff is not entitled to a transfer or to have an investigation of the defendants ordered by the Court.

Moreover, even if Plaintiff had alleged the violation of a constitutional right, injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 808 (5th Cir. 1989), appeal after remand, 915 F.2d 1567 (5th Cir.1990). Plaintiff was written-up for assaulting another inmate. Plaintiff has not alleged an actual threat, which must be shown to warrant injunctive relief. U.S. v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001), *cert. denied*, 536 U.S. 907 (2002).

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 13th day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE